**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL E. GLOVER,

    Petitioner,

v().                                         Case No. 5:12-cv-242-JSM-PRL

SECRETARY OF DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Now pending before this court is Glover's amended petition for the writ of habeas corpus under 28 U.S.C.§ 2254. (Doc. 10). In his petition Glover challenges (1) his underlying 2004 convictions for aggravated battery upon a pregnant victim and simple battery, and (2) his 2009 probation revocation.[1] The respondent notes in the response (Doc. 20) that Glover has another Section 22554 petition currently pending (5:11-cv-190-Oc-38PRL) in which he challenges the same underlying criminal convictions. The respondent suggests consolidation of Glover's two federal habeas cases.[2]

---

[1] Glover completed the incarcerative portion of his sentence in 2006 and was placed on probation. On January 23, 2007, an affidavit of violation of probation was filed. (Doc. 21, Ex. TT, p. 306). Following a revocation hearing in August 2009, Glover's probation was revoked and he was sentenced to fifteen years imprisonment. (Id. at pp. 532-34).

[2] Neither party has filed a motion to consolidate. Glover in his reply does not object or assent to consolidation. Notwithstanding, "[a] district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*." *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). *See also Young v. City of Augusta,* 59 F.3d 1160, 1168 (11th Cir. 1995) (consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court") (citation omitted).

Federal Rule of Civil Procedure 42(a) provides:

If actions before the court involve a common question of law or fact, the court may:

>   (1)   join for hearing or trial any or all matters at issue in the actions;
>
>   (2)   consolidate the actions; or
>
>   (3)   issue any other orders to avoid unnecessary cost or delay.

"The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) (citing *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). Glover's two Section 2254 petitions share a common claim based upon Glover's underlying state criminal convictions.[3] The respondent has filed substantially similar responses in each case and filed almost identical appendices in support of the responses with the addition of one volume of exhibits containing documents related to the probation revocation in this case (5:12-cv-242 -JSM-PRL). Upon review, because the two cases share common questions of law and fact, consolidation of Glover's two Section 2254 petitions is appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** that:

---

[3] Ground one in case no. 5:11-cv-190 is identical to ground two in case 5:12-cv-242. Ground three in case no. 5:12-cv-242 challenges the underlying criminal conviction based upon ineffective assistance of counsel for failing to have had a pre-trial psychiatric evaluation conducted.

1. The Clerk shall consolidate case numbers 5:11-cv-190-Oc-38PRL and 5:12-cv-242-JSM-PRL. All further pleadings shall be filed only in case number 5:11-cv-190-Oc-38PRL.

2. The Clerk shall close case number 5:12-cv-242-JSM-PRL upon entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on February 3, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record